*(Circuit Court of Cook County.)*

### Jacob Meyer

### vs.

### Aurora Insurance Co.

(July 5, 1872.)

1. BANKRUPTCY—STAY OF PROCEEDINGS. A stay of proceedings of a suit at law on the ground of the pendency of bankruptcy proceedings should be denied where the bankrupt cannot receive a discharge.

Motion to stay further proceedings in action at law on account of the pendency of bankruptcy proceedings. Heard before Judge Lambert Tree.

TREE, J.:—

This is a motion to stay further proceedings in this court on the ground that the defendant, the Aurora Fire Ins. Co., is in bankruptcy. The motion is based on the 21st section of the act of congress, known as the bankrupt law, which provides that any "suit or proceeding shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge; provided there be no unreasonable delay on the part of the bankrupt in endeavoring to obtain discharge." A discharge under the act may be pleaded in bar to any further maintenance of an action for prior indebtedness; but the 37th section of the same act provides, "that no allowance or discharge shall be granted to any corporation or joint stock company, or to any person or officer or member thereof."

It will be seen that the bankrupt law establishes a distinction between corporations and individuals in this respect; but inasmuch as an individual may procure a final discharge, there is evident propriety in staying proceedings until it can be ascertained whether the court in bankruptcy shall grant him one. But even in that case, the law provides that there shall be no unreasonable delay in prosecuting the proceedings in bankruptcy to a final determination. In the case of a corporation, however, which can never receive such a discharge by the terms of the act itself, it is difficult to see upon what grounds the creditor should be required to stay his suit, and especially where judgment may be necessary to perfect a legal remedy against officers or stockholders of the company. This doctrine was held by Brady, Justice (N. Y. Supreme Court), who refused to stay proceedings, in the case of *Sarah O. Allen, administratrix, v. The Soldiers' Business Messenger and Dispatch Company*, 4 Bankruptcy Register, 176; and it seems to me that the doctrine is sound on principle and sustained by the language and spirit of the bankrupt act. The motion to stay the proceedings in this case is therefore denied.